36 F.3d 1101
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Wilton D. NICHOLS, also known as Nick Nichols, Appellant.
 No. 94-1430.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 1, 1994.
Filed: September 12, 1994.
 
 Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Wilton D. Nichols appeals his jury conviction for conspiring to distribute marijuana. We affirm.
 
 
 2
 Nichols first contends the district court erroneously admitted an FBI agent's expert opinion that certain numerical references in phone conversations between Nichols and a coconspirator were consistent with conversations about drug transactions. We review the district court's admission of expert testimony for abuse of discretion. United States v. J.H.H., 22 F.3d 821, 829 (8th Cir. 1994). Under Federal Rule of Evidence 702, district courts may allow expert testimony that will help the jury understand the evidence. United States v. Parker, Nos. 93-3273, 93-3236, 1994 WL 462291, at * 4 (8th Cir. Aug. 29, 1994). We have held Rule 702 permits expert testimony about drug trafficking practices with which most jurors are unfamiliar. Id.; United States v. Boykin, 986 F.2d 270, 275 (8th Cir.), cert. denied, 114 S. Ct. 241 (1993). Because the phone conversations the agent explained were cryptic discussions of numbers, the average juror would not understand them. The district court thus properly admitted the agent's testimony.
 
 
 3
 Nichols also contends the district court improperly refused to instruct the jury on multiple conspiracies. We disagree. A district court must give a multiple conspiracy instruction only when the evidence supports a finding of multiple conspiracies. U.S. v. Lucht, 18 F.3d 541, 552 (8th Cir. 1994), petition for cert. filed, No. 94-5602 (U.S. July 25, 1994). The evidence in this case does not.
 
 
 4
 Accordingly, we affirm.